[Nos. 20406, 20407, 20408, 20409.    Department Two.    April 18, 1927.]

THE STATE OF WASHINGTON, *Appellant*, v.
NICK TOMICH, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v.
VINCE JERKOVITCH, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v.
MATT LOVRICH, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v.
FRANK VITALJIC, *Respondent*.[1]

[1] FISH (19)—CRIMINAL PROSECUTION—LIABILITY OF COOK ON FISH-
ING VESSEL. An alien employed on a fishing boat as a cook at
a fixed salary, and having no interest in the catch, is not "fish-
ing," within Rem. 1927 Sup. § 5711, defining the term as
"catching" or "taking" food fish with any appliance whatso-
ever, and providing that it shall be unlawful for any alien to
do so in the waters of the state.

Appeals from judgments of the superior court for
Whatcom county, Brown, J., entered August 25, 1926,
upon a trial and acquittal of illegal fishing. Affirmed.

*The Attorney General, E. W. Anderson, Assistant,
Edwin Gruber* and *E. D. Kenyon*, for appellant.

*R. W. Greene*, for respondents.

MACKINTOSH, C. J.—Section 4, ch. 90 of the Laws of
1923, p. 266 [Rem. 1927 Sup., § 5711], provides that
it shall be unlawful for any person to fish or take for
sale any food fish in the waters of this state, unless he
is a citizen of the United States, and that the word
"fishing" shall be construed "to mean the catching or
taking of food fish with any appliance, gear or trap,
floating or fixed, whatsoever."

The defendants were charged with the violation of
this law and the informations—taking one as a sample

¹Reported in 255 Pac. 122.

of all of them—read in their charging parts in this way:

"Then and there being in Whatcom County, Washington, on or about the 13th day of August, 1926, the said defendant, NICK TOMICH, did wilfully and unlawfully fish for and take for sale and profit salmon and other food fish in the rivers and waters of the State of Washington and over which said State has concurrent jurisdiction in civil and criminal cases, the said defendant then and there and upon said date not being a citizen of the United States while engaged in said business, and the said defendant not being an Indian and catching and taking food fish with a purse seine: the said defendant then and there being a cook on the boat 'Joseph' working for a monthly wage, the said defendant having no share or interest in the catch of fish made by said boat, and the said defendant then and there not engaging in the handling of any net or gear for the actual taking of fish or handling any fish, . . ."

The defendants demurred on the ground that the facts charged did not constitute a crime, and the demurrers being sustained and the state standing upon the informations, judgment of dismissal was entered, from which the state has appealed.

[1] Under the statute, persons who fish on their own account and those who are employed to fish can not take food fish unless they are citizens of the United States (we are omitting the provision in regard to aliens who have declared their intention to become citizens), and the question then is in this case, whether a person, an alien, who is employed merely as a cook on a fishing boat, having no interest in the catch of fish and who does not actually engage in the handling of any of the gear or in the actual taking of the fish, is punishable under the act.

There are no authorities directly bearing on this

question under a statute similar to ours, and the only situation in this state that we find analogous at all to the present one arose under the logger's lien statute, where it was specifically provided that a cook in a logging camp should be regarded as a person who assists in obtaining or securing the timber. Rem. Comp. Stat., § 1162 [P. C. § 9679].

The legislature in 1923 (chapter 10, Laws of 1923, p. 11) [Rem. 1927 Sup., § 1162], further provided that scalers, and bull cooks, and cooks, flunkeys and waiters in lumber camps, should be regarded as persons aiding in obtaining or securing the timber, giving the legislative indication that cooks, unless they were specially mentioned, were not part of logging crews. By analogy it would seem that cooks on fishing vessels, unless they were specially brought within the operation of the alien fishing law, were not intended to be included in the fishing crews. Bearing in mind that this is a criminal statute and should receive the construction given such statutes, and that the statute does not expressly prohibit aliens from cooking on fishing vessels, the proper conclusion seems to have been reached by the trial court in sustaining the demurrers to these informations. The definition given by the statute indicates that aliens were to be prevented from catching or taking fish with any appliance. The informations admit that the respondents did not handle the fish in any way, did not take or catch them; that their only interest in the whole proceeding was in the receipt of their monthly wage, which was not dependent upon the catch of fish; and that they did not participate in any of the profits from the fishing venture, directly or indirectly. Taking the words "catching" and "taking" in their ordinary meaning, it can not be said that the respondents either caught or took fish. Nor did they assist in so doing to any greater extent than that they

cooked the food of the persons who caught and took the fish. If this brings a cook on a fishing vessel within the operation of this statute, then a person furnishing supplies to the vessel with equal force might be said to violate the statute.

A reasonable construction of the statute compels our agreement with the judgment of the trial court, which is affirmed.

TOLMAN, PARKER, and ASKREN, JJ., concur.